**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-50946
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                                                Plaintiff-
Appellee,

versus

JAIME HERMELINDO NAVA,

                                                                Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:96-CR-496-3-FM
-----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Jaime Hermelindo Nava appeals his conviction of conspiracy to make a material false

statement as to a matter within the jurisdiction of the Department of Veterans Affairs and aiding and

abetting the making of a material false statement as to a matter within the jurisdiction of the

---

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Department of Veterans Affairs. He argues that the evidence was insufficient to show that he made a material false statement with the purpose of misleading the Veterans Administration ("VA").

Evidence adduced at trial shows that Nava was an accountant who had a close friendship with a real estate agent named Mario Almodovar. Nava admitted that he knew that Almodovar's business was selling VA repossessed homes to the general public. In the event that Almodovar's prospective buyer was not financially qualified to obtain a VA loan, Almodovar would submit false financial documents to the VA, including false income tax returns and false profit and loss statements, thereby enabling the otherwise unqualified buyer to qualify for a VA lo an. Almodovar relied on Nava to provide him with some of the false documents. Almodovar would provide Nava with general information concerning a prospective buyer's income and expenses, the cost of the home, and the amount that the buyer needed to clear in order to qualify for the loan. Based on that general information, Nava prepared itemized documents for Almodovar.

When viewed in the light most favorable to the verdict, see United States v. Izydore, 167 F.3d 213, 219 (5th Cir. 1999), the evidence is sufficient to allow a plausible inference that Nava created the false documents with the intent to mislead the VA. See United States v. Shah, 44 F.3d 285, 289 (5th Cir. 1995). The jury was free to assess Nava's credibility when he denied ever preparing false documents for Almodovar, and the jury's credibility assessment will not be disturbed. See United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993).

The judgment of the district court is therefore AFFIRMED.